CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2013

JULIA C. DUDLEY, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARVIN BLOCKER, | ) | Civil Action No. 7:13cv00027 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| VIRGINIA STATE PRISON OFFICIALS, W.R.S.P., | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Marvin Blocker, a Virginia inmate proceeding *pro se*, brings this action against the "Warden and staff" of Wallens Ridge State Prison. Blocker's complaint, which he has filed in the form of two short letters, alleges that prison staff members are contaminating his food, interfering with his mail, disrupting his sleep, and threatening his safety.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Under 28 U.S.C. § 1915A, district courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in doing so, the court must either "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b).  Here, Blocker has alleged a number of wrongs, but has offered little factual support for them, failed to connect any particular wrong to any particular individual, neglected to ground his complaint on any constitutional or statutory provision, and requested no specific relief.  While the pleading rules do not impose an exacting standard on Blocker, he must offer some foothold on which defendants can base an answer or on which the court can base a judgment.  Accordingly, the court will dismiss Blocker's complaint without prejudice for failure to state a claim.

    **ENTER**: January 24, 2012.

                                                                       UNITED STATES DISTRICT JUDGE